## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re: :
: Chapter 7
ANDERSON NEWS, LLC, :
: Case No. 09-10695 (CSS)
Debtor, :
---------------------------------------------------------------- x
KIMBERLY QUESENBERY and JEREMY L. :
COTTER on their own behalf and :
on behalf of all other persons similarly situated, :
:
Plaintiffs, :
:
- against - : Adv. Pro. No. _____
:
ANDERSON NEWS, LLC and TWIN RIVERS :
TECHNOLOGY GROUP, :
:
Defendants. :
---------------------------------------------------------------- x

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining

Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"). The Plaintiffs and the other class members were employees of Anderson News, LLC ("Anderson") and were terminated on or about February 11, 2009, as part of, or as a result of, a mass layoffs or plant closings which was ordered by the Defendants Anderson and Twin Rivers Technology Group ("Twin Rivers") (collectively, the "Defendants"). Although the Plaintiffs and the other class members were on the payroll of Anderson, the Defendants were a "single employer" under the WARN Act. As such, each of the Defendants are liable under the WARN Act for Defendants' failure to give the Plaintiffs and the other class members at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the other Class Members are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days.

**PARTIES**

4. At all relevant times, Defendants Anderson and Twin Rivers, as a single employer maintained and operated approximately 20 facilities across the nation including its headquarters located at Knoxville, TN (the "Facilities").

5. On March 2, 2009, an involuntary petition was filed on behalf of various Anderson creditors under Chapter 7 of Title 11 of the United States Code.

6. Until their termination by Defendants, the Plaintiffs and other similarly situated persons were employees of Defendants who worked at or reported to the Facilities and who were terminated as part of or as a reasonably foreseeable result of, the mass layoffs or plant closings ordered and carried out by the Defendants on or about February 11, 2009 and thereafter.

7. Plaintiff Kimberly Quesenberry worked at or reported to the Knoxville, TN facility until her termination on or about February 11, 2009.

2

8. Plaintiff Jeremy Cotter worked at or reported to the Knoxville, TN facility until his termination on or about February 11, 2009.

9. On information and belief, at all relevant times Defendant Twin Rivers Technology Group was a Delaware limited liability company with a registered agent located at 1209 Orange Street, Wilmington, Delaware 19801.

10. The Plaintiffs bring this action on their own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at the Facilities, and who were terminated as part of or as the foreseeable result of the mass layoffs or plant closings ordered by Defendants on or about February 11, 2009 (collectively, the "Class").

11. On information and belief, Defendants jointly controlled the decision to terminate the employees at the Facilities on February 11, 2009 and thereafter.

12. On information and belief, Defendants each made the decisions that led to the violation of the rights of Plaintiffs and the other Class members under the WARN Act.

13. On information and belief, each of the Defendants exercised direct and indirect control over the termination of the employment of Plaintiffs and the other Class members without the notice required by the WARN Act for which each of the Defendants are liable under the single employer provision of the WARN Act.

16. On information and belief, the Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act in that among other things:

    (a)    The Defendants shared common ownership;

    (b)    The Defendants shared common officers and directors;

(c) Each of the Defendants exercised de facto control over the labor practices governing the Plaintiffs, including the decision to order the mass layoffs and/or plant closings at the Facilities;

(d) There was a unity of personnel policies emanating from a common source between Defendants; and

(e) There was a dependency of operations between Defendants.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

17. The Plaintiffs and each person they seek to represent herein, were discharged as part of, or as the reasonably foreseeable result of a mass layoffs or plant closings order by the Defendants at the Facilities, on or about February 11, 2009 or thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

18. The Plaintiffs brings this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about February 11, 2009 and thereafter who worked at the Facilities until their termination.

19. On or about February 11, 2009, Defendants terminated the Plaintiffs' employment as part of a mass layoffs and/or a plant closings which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

20. Defendants, as a single employer, never gave Plaintiffs the statutorily required sixty (60) days notice of the mass layoffs or termination in violation of the WARN Act.

21. At or about the time that the Plaintiffs was discharged, Defendants discharged approximately 2500 other employees at the Facilities (the "Other Similarly Situated Former Employees").

22. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain these claims on behalf of each of the Other Similarly Situated Former Employees and for their benefit.

23. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

24. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on his or her part.

25. Each of the Plaintiffs and the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

26. Defendants were required by the WARN Act to give each of the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

27. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

28. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under

ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## **CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

29. The Plaintiffs asserts this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure

30. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

31. Common questions of law and fact are applicable to all members of the Class.

32. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

33. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The Plaintiffs' claims are typical of the claims of other members of the Class

in that for each of the several acts described above the Plaintiffs is or was an injured party.

35. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

36. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

37. The Class is so numerous as to render joinder of all members impracticable as there are approximately 2500 persons who are included in the Class.

38. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

39. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

41. No litigation concerning the WARN Act rights of any Class member has been commenced.

42. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

43. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

44. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

45. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

46. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

47. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

48. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a mass layoffs and/or plant closings at the Facilities.

49. The Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

50. On or about February 11, 2009 and, thereafter the Defendants ordered a "mass layoffs" and/or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

51. The mass layoffs and/or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

52. The Plaintiffs and each of the other members of the Class was discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoffs and/or plant closings ordered by the Defendants at the Facilities.

53. The Plaintiffs and each of the other members of the Class is an "affected employee" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

54. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

55. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

56. Each of the Plaintiffs and each of the other members of the Class is an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

57. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued

vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

58. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A. An allowed claim pursuant to against Anderson and judgment against Twin Rivers in favor of each of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A); and determining that the first $10,950 of the WARN Act claims of the Plaintiffs and each other Class Member against Anderson is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder as a general unsecured claim.

B. Certification that the Plaintiffs and the other Class members constitute a single class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

E. An allowed administrative claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as

authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

      F.      Such other and further relief as this Court may deem just and proper.

Dated: March 6, 2009
Wilmington, Delaware

                Respectfully submitted,
                MARGOLIS EDELSTEIN

                /s/James E. Huggett
                James E. Huggett (#3956)
                750 Shipyard Drive, Suite 102
                Wilmington, DE 19801
                Telephone: (302) 888-1112
                Facsimile: (302) 888-1119

                LANKENAU & MILLER, LLP
                Stuart J. Miller (SJM 4276)
                132 Nassau Street, Suite 423
                New York, New York 10038
                Telephone: (212) 581-5005
                Facsimile: (212) 581-2122

                THE GARDNER FIRM, P.C.
                Mary E. Olsen (OLSEM4818)
                M. Vance McCrary (MCCRM4402)
                J. Cecil Gardner (GARDJ3461)
                1119 Government Street
                Post Office Drawer 3103
                Mobile, AL 36652
                Telephone: (251) 433-8100
                Facsimile: (251) 433-8181

                Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice