# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) <br> ) <br> ANDERSON NEWS, LLC, ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 09-10695 (CSS) |

### ORDER MODIFYING IN PART THE *ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 361, 362, 363, 364, AND 507 (I) AUTHORIZING DEBTOR (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL; AND (II) GRANTING LIENS AND ADEQUATE PROTECTION AND PROVIDING SUPER PRIORITY ADMINISTRATIVE EXPENSE STATUS* AND THE *ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER*

On March 2, 2010, this Court entered its *Order Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 364, and 507 (I) Authorizing Debtor (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; and (II) Granting Liens and Adequate Protection and Providing Super Priority Administrative Expense Status* [D.E. 253] (the "DIP Order"). The DIP Order authorized, among other thing, Anderson News, LLC (the "Debtor") to enter into a postpetition financing facility with Holston Asset Management, LLC ("Holston").

On April 20, 2010, this Court entered its *Order Directing the Appointment of an Examiner* [D.E. 315] (the "Examiner Appointment Order").

On April 27, 2010, the United States Trustee appointed Donald A. Beskrone as examiner (the "Examiner").

On April 30, 2010, the United States Trustee filed its *Application of the United States Trustee for Order Approving Appointment of Examiner* [D.E. 324] (the "Examiner Approval Application").

On May 4, 2010, this Court entered its *Order Approving Appointment of Examiner* (the "Examiner Approval Order").

This Court held a conference on May 11, 2010 at which the Debtor, the Examiner, Holston, and certain other creditors and parties in interest appeared.

At the May 11, 2010, counsel to Holston represented that Holston would consent to certain modifications to the DIP Order and the Examiner Appointment Order as set forth in this Order.

Therefore, based upon the record of this case and the presentation of counsel at the May 11, 2010 hearing, it is found and determined as follows:

A. Based upon Holston's consent to entry of this Order, notice of this Order is adequate under the circumstances.

B. The Court has jurisdiction over the matters set forth in this Order pursuant to 28 U.S.C. §§ 157(b) and 1334.

C. The matters set forth in this Order constitute a core proceeding under 28 U.S.C. §§ 157(b)(2).

D. Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

E. Paragraph 12 of the Examiner Appointment Order modified Paragraph 25 of the DIP Order.

F. Since his appointment, the Examiner has met and conferred with numerous creditors and parties in interest in this case concerning the scope and timing of the examination.

G. Based upon these meet and confer sessions, Holston has agreed to extend

further the deadlines in Paragraph 25 of the DIP Order in accordance with the terms of this Order to accommodate the timing of the Examiner's examination.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Paragraph 25 of the DIP Order and Paragraph 12 of the Examiner Appointment Order are amended and superseded in their entirety as follows:

> <u>Reservation of Certain Third Party Rights and Bar of Challenges and Claims</u>. Nothing in this Order or the DIP Loan Documents shall prejudice the rights of any Statutory Committee, a successor trustee and any other party in interest with requisite standing other than the Debtor, to seek to object to or to challenge the findings, Debtor's Stipulations, or any other stipulations herein, including, but not limited to those in relation to: (a) the validity, extent, priority, or perfection of the mortgage, security interests, and liens of the Prepetition Lender with respect to the Prepetition Collateral; or (b) the validity, allowability, priority, amount of the Prepetition Obligations. On or prior to the day that is sixty days after the filing of the report issued by the Examiner, a party, including the Statutory Committee, must seek standing to commence, as appropriate, a contested matter or adversary proceeding raising such objection or challenge, including, without limitation, any claim against the Original Prepetition Lenders or the Prepetition Lender, in the nature of a setoff, counterclaim or defense to the Prepetition Obligations, and must actually commence such contested matter or adversary proceeding on or prior to the day that is ninety days after the filing of the report issued by the Examiner (the "Challenge Period"). The applicable Challenge Period may only be extended with the written consent of the Prepetition Lender (without need for Court Order or notice), or by order of the Court. Upon the expiration of such applicable Challenge Period, to the extent not otherwise waived or barred: (A) any and all such challenges and objections by any party (including, without limitation, any Statutory Committee, any Chapter 11 trustee, and/or any examiner appointed in this Bankruptcy Case, and any Chapter 7 trustee and/or examiner appointed in any Successor Case), shall be deemed to be forever waived and barred; (B) all of the Debtor's Stipulations, waivers, releases, affirmations and other stipulations as to the priority, extent, and validity of the Prepetition Lender's claims, liens, and interests, of any nature, under the Prepetition Credit Documents, or otherwise incorporated or set forth in this Order, shall be of full force and effect and forever binding upon the Debtor, the Debtor's bankruptcy estate and all creditors, interest holders, and other parties in interest in this Bankruptcy Case and any Successor Case; and (C) without further order of the Court, the Prepetition Obligations shall be allowed as secured claims to the extent of the value of the collateral within the meaning of Bankruptcy Code section 506 and unsecured claims to the extent of any deficiency of collateral, for all purposes in connection with this Bankruptcy Case and any Successor Case. Upon a successful challenge brought pursuant to this paragraph, the Court may fashion

any appropriate remedy.

2. Except as expressly set forth in this Order, no provision of the DIP Order, the Examiner Appointment Order, or any other order in this case is modified, amended, or altered.

3. This Court shall retain jurisdiction over the matters set forth in this Order.

Dated: 7/1, 2010

Christopher Sontchi
United States Bankruptcy Judge